IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BIOCONVERGENCE LLC,** d/b/a **SINGOTA SOLUTIONS,** | * | |
| | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:21-cv-01959-CCB |
| **EMERGENT BIOSOLUTIONS, INC. et al,** | * | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

This case was referred to the undersigned by Judge Blake of this Court on May 11, 2023, for discovery and all related scheduling. (ECF No. 57). This referral was prompted by two related motions for protective orders filed by Plaintiff, BioConvergence LLC d/b/a Singota Solutions ("Singota" or "Plaintiff"). (ECF Nos. 51 & 52). The first primarily concerns the terms of a protective order for information produced in discovery, which will be addressed by a separate memorandum opinion and order. The second, addressed below, concerns Defendants' requested deposition of Singota's corporate designee pursuant to Fed. R. Civ. P. 30(b)(6). The Court has reviewed the parties' respective briefing on the issue (ECF Nos. 52, 53, 55, & 60). The Court also held an in-person hearing on June 6, 2023. As set forth more fully below, Plaintiff's motion (ECF No. 52) is GRANTED in part and DENIED in part.

### I.   BACKGROUND

This case concerns the nature and circumstances surrounding the departure of Singota's former employee, Jaspreet Attariwala ("Attariwala"), and Attariwala's subsequent hiring by and work for Defendant Emergent Biosolutions, Inc. ("Emergent"). *See* (ECF No. 1). Singota alleges

that Attariwala breached the terms of her employment agreement by, *inter alia*, taking Singota's trade secrets and other confidential information at the time of her departure for the benefit of her new employer, Emergent, and to the detriment of Singota's business. (ECF No. 1; ECF No. 53 at pp. 5–8).

Although this dispute is presently before this Court, this is not the first forum to host the parties. Singota previously sued Attariwala based on similar allegations in February of 2019 in Indiana. (ECF No. 53 at pp. 8–9). This resulted in a preliminary injunction being entered against Attariwala in December of 2019 which, in turn, caused Emergent to terminate her employment. *Id.* Attariwala filed bankruptcy in December of 2019. (ECF No. 55-5 at p. 6). In August of 2021, suit proceeded against Defendants in Indiana. *Id.* That suit was dismissed for lack of personal jurisdiction in September of 2022. *Id.* at p. 8. Some discovery was conducted in the Indiana case before it was dismissed, and there is still a pending motion for sanctions against Singota in that case based on filing suit against Defendants without sufficient justification. (ECF No. 55 at p. 3; ECF No. 55-5 at 8). That motion previews Defendants' central argument before this Court, namely, that Singota lacks adequate factual support for the detailed allegations in its lengthy Complaint (comprising 88 pages) and resists legitimate discovery as to same.

The present iteration of that dispute, as presently before the Court, involves Singota seeking protection from Defendants' Rule 30(b)(6) proposed deposition topics. In a nutshell, Singota characterizes these topics as "contention topics" that should either be prohibited in their entirety or propounded as interrogatories towards the conclusion of discovery in the case. For their part, Defendants dispute that characterization, expressing frustration that Singota again refuses to provide any glimpse into the factual support for its specific allegations against *Defendants* (as opposed to Attariwala), just as in the Indiana litigation.

## II.     LEGAL STANDARD

The party seeking a protective order has the burden of establishing "good cause." *Fish v. Air & Liquid Sys. Corp.*, No. GLR-16-496, 2017 WL 697663, at *3 (D. Md. Feb. 21, 2017). The Court thus is called upon to interpret "good cause" in the context of Fed. R. Civ. P. 30(b)(6) and the policy considerations underlying that rule.

Under Rule 30(b)(6), a party can note an organization as a deponent but "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) represents a trade-off: the organization's designated deponent's testimony will bind the organization, but only if the deposition topics meet Rule 30(b)(6)'s "particularity" requirement. "[T]o allow the Rule to effectively function, the requesting party must take care to designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Fish,* 2017 WL 697663 at *20. This is because once the deposition topics have been designated, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf," and such persons so designated "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). In the absence of particularity, proper compliance by the designee is thwarted. *See Hunt Valley Baptist Church, Inc. v. Balt. Cnty.*, No. 1:17-cv-00804-ELH, 2019 U.S. Dist. LEXIS 7509, at *4–5 (D. Md. Jan. 16, 2019) ("When a topic is not reasonably particular 'the responding party is unable to identify the outer limits of the areas of inquiry notice, and designating a representative in compliance with the deposition notice becomes impossible.'")

With this in mind, organizations must be protected against deposition topics that undermine Rule 30(b)(6)'s careful balancing. *See, e.g.*, *Fish*, 2017 WL 697663 at *20 (granting defendant's

3

motion for protective order and finding that 30(b)(6) topics seeking "the basis of everything stated in [defendant's] initial disclosures, answer to the complaint, affirmative defenses, its investigation to date, and all discovery responses and answers" did not "provide reasonable guidance on what is actually being sought and leaves [defendant] guessing on how to properly prepare a witness" for these topics). Thus, Rule 30(b)(6) topics similar to those found wanting for particularity in cases like *Fish* (e.g., "The specific factual basis for any defenses or claims you have asserted or intent to assert") would justify entry of a protective order as to such topics.

In addition to the concerns surrounding particularity, protection should also be granted from topics that improperly invade attorney opinion work product, such as topics asking for the factual support for a legal characterization or conclusion, the legal significance of facts, or those seeking to probe attorney investigations undertaken for the litigation. As Wright and Miller observe, "[q]uestioning of a corporate representative pursuant to Rule 30(b)(6) about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel" because "[o]ften the grounds for such allegations are best (or only) known to counsel . . . ." 8A Fed. Prac. & P. Civ. § 2102 (3d ed.).

For example, in *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, No. WMN-08-CV-984, 2010 WL 2572809 at *2–4 (D. Md. June 22, 2010), this Court rejected topics such as "[f]actual information and documents that reflect the alleged policies or practice that were allegedly discriminatory" and "[f]actual information and documents that reflect the EEOC's process, procedures and methodology for collecting, tracking, storing, and manipulating data and other electronic information regarding this case." In so doing, this Court, relying on Judge Chasanow's decision in *SEC v. SBM Inv. Certificates, Inc.*, No. DKC 2006-0866, 2007 WL 609888

(D. Md. Feb. 23, 2007) held that such topics "effectively result in the deposition of opposing counsel." *McCormick*, 2010 WL 2572809 at *3 (citing *SBM Inv.*, 2007 WL 609888 at *22–26).

In such cases, even if such topics are not barred completely, they are better left for interrogatories closer to the end of discovery to the extent they are asking for application of law to facts. *Wilson v. Lakner*, 228 F.R.D. 524, 529, n. 8 (D. Md. 2005) ("the *contentions*, i.e. theories and legal positions, of an organizational party, may be more suitably explored by way of interrogatories and the Court may properly order (as the Magistrate Judge did here) that contentions only be inquired into in this fashion") (emphasis in original); *Par Pharm., Inc. v. TWi Pharms., Inc.*, No. CCB-11-2466, 2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) ("Accordingly, it is not unusual for courts to order, as I do now, that answers to contention interrogatories may be deferred until the completion of expert discovery to minimize the burden on the responding party."). This, in turn, can allow the participation of an attorney who can assist in answering questions requiring the application of law to facts while avoiding the invasion of the work-product protection or attorney-client privilege. *See Fish* 2017 WL 697663 at *20.

It is important, however, not to overread these cases and thereby foreclose a party from ascertaining all factual information from the organization. Topics seeking facts supporting *specific* assertions in a complaint beyond general legal theories and conclusions will not run afoul of Rule 30(b)(6)'s particularity requirement. Likewise, the ultimate involvement of counsel in a case does not retroactively shield underlying facts, investigations, or conclusions that predated or developed independently from counsel's involvement, particularly in cases involving private companies. This distinction is apparent in *McCormick & Schmick* and *SBM Inv.* As observed by Judge Chasanow in *SBM Inv.*—and reiterated in *McCormick & Schmick*—government enforcement agencies like the SEC and EEOC played no role and thus have no independent knowledge of the

events at issue and can only speak to matters known through agency attorneys and their adjuncts (such as agency investigators). *See McCormick & Schmick, supra* at *3; *SBM Inv.*, *supra* at *25. By contrast, events, transactions, and the resulting knowledge in private companies can precede or develop independently from the litigation process. *Id*. Stated otherwise, when evaluating Rule 30(b)(6) topics, there can be an important difference between entities in the "litigation business" that are led by lawyers such as government enforcement agencies, versus entities like private companies whose core business and day-to-day activities may never be ensnared in litigation.

### III.   ANALYSIS

Applying these concepts in the instant case, the Court has no hesitation in granting Singota protection from the following topics in their entirety that lack the particularity required by Rule 30(b)(6):

- Topic 1: The answers and responses of BioConvergence LLC d/b/a Singota Solutions ("Singota") to Defendant Emergent BioSolutions Inc.'s First Set of Interrogatories to Plaintiff and Defendant Emergent BioSolutions Inc.'s First Requests for Production to Plaintiff, including but not limited to all documents produced by Singota as part of this litigation.

- Topic 27: The allegations in Singota's pleadings filed during this litigation, including the factual basis and support for each allegation and all documents attached to Singota's pleadings.

The Court will also grant Singota's Motion with regard to several topics that implicate particularity and improperly delve into areas of attorney work product, those addressing legal conclusions, those that would require the deponent to apply law to facts, and those seeking to have the deponent classify and calculate specific types of damages. Note, however, that such topics may well be suitable for later interrogatories or expert discovery. Accordingly, Singota's corporate designee will be protected from the following additional topics:

- Topic 16: The factual basis and support in Singota's possession, custody, or control for the allegation in Paragraph 444 of the Complaint [Filing No. 1] that "Singota has suffered substantial damages entitling it to an award of damages permitted by applicable law…"

- Topic 18: The factual basis and support in Singota's possession, custody, or control for the allegation in Paragraph 447 of the Complaint [Filing No. 1] that "As a direct, proximate, foreseeable and consequential result of the Defendants' impermissible actions, Singota has suffered and continues to suffer irreparable harm and is entitled to injunctive relief."

- Topic 19: The factual basis and support in Singota's possession, custody, or control for the allegation in Paragraph 448 of the Complaint [Filing No. 1] that "Singota has suffered substantial damages entitling it to an award of damages permitted by applicable law..."

- Topic 20: The factual basis and support in Singota's possession, custody, or control for the allegation in Paragraph 450 of the Complaint [Filing No. 1] that "Defendants have been conferred a measurable benefit under such circumstances that their retention of the benefit without payment would be unjust."

- Topic 21: The factual basis and support in Singota's possession, custody, or control for the allegation in Paragraph 452 of the Complaint [Filing No. 1] that "Singota has suffered substantial damages entitling it to an award of damages permitted by applicable law …"

- Topic 25: The factual basis and support in Singota's possession, custody, or control for the allegation in Paragraph 472 of the Complaint [Filing No. 1] that "Defendants engaged in an unfair method of competition. Defendants have engaged in such conduct with malice in order to harm Plaintiff."

- Topic 26: The factual basis and support in Singota's possession, custody, or control for the allegations in Paragraphs 77-80 of the Complaint [Filing No. 1]. This topic will explore, among other things, the following: Singota's knowledge, evidence, and support for the nature, extent, and amount of any damages Singota purports to have suffered based on the conduct alleged in Paragraphs 77-80.

Finally, the Court will grant Singota protection from Topic 28: "The identity of Singota's customers and prospective customers from January 1, 2017, to the present, including but not limited to whether such customers have done any business with Singota and, if so, the nature and

7

extent of any such business." This topic is overly-broad as drafted, and, as the Court indicates below, a more appropriate tailoring of this topic is included in some of the topics the Court will allow to go forward.

Some of the remaining topics have the same infirmities as those discussed above, and the Court will not rehash those here. Some topics, however, are appropriate, and the Court will deny Plaintiff's Motion as to those. The Court outlines those topics below, culled and consolidated from Defendants' Rule 30(b)(6) notice:

- Singota's knowledge and evidence of Emergent's alleged failure to ensure Jaspreet Attariwala complied with the terms of her Singota Employment Agreement, including specific and discrete examples of any such alleged failures.

- Which markets and geographic areas Singota believes Jaspreet Attariwala worked in on behalf of Emergent; The identities of each client or prospective client whom Singota claims Attariwala solicited on behalf of Emergent; The services Jaspreet Attariwala provided to clients and prospective clients on behalf of Singota as opposed to the services Jaspreet Attariwala provided to clients and prospective clients on behalf of Emergent; Who at Emergent Singota contends authorized these things as alleged by Singota, and what evidence Singota has of that authorization.

- Singota's knowledge, evidence, and support for Singota's allegation that Emergent possesses/misappropriated Singota's trade secrets, including when, how, and in what medium Emergent came to possess such trade secrets; Singota's specific trade secrets it contends Emergent possesses/has misappropriated; Singota's knowledge, evidence, and support for Singota's allegation that Emergent possesses/misappropriated Singota's trade secrets, including specific actions constituting the alleged misappropriation and any alleged use; The agents or employees of Emergent involved in the alleged misappropriation or use of Singota's trade secrets;

- The factual basis and support in Singota's possession, custody, or control for the allegations in Paragraphs 403 and 405 of the Complaint [Filing No. 1], including the purported agreement or agreements identified in these Paragraphs.

- The identities of each client or prospective client for whom Singota claims it has lost profits or competitive business advantage due to Defendants' alleged misconduct; the nature and extent of the claimed losses, and Singota's history of doing business since January 1, 2017 with those clients or prospective clients so identified, including information related to the amount of business, the type of business, and contracts for business.

    ***The Court understands that some of the specifics concerning the above information will be further addressed in expert discovery, such as the specific amount of any claimed lost revenue/profits***.

- To the extent different from "trade secrets" addressed in previous topics, Singota's specific "confidential information" it contends Emergent has misappropriated; Singota's knowledge, evidence, and support for Singota's allegation that Emergent misappropriated Singota's confidential information, including specific actions constituting the alleged misappropriation; The agents or employees of Emergent involved in the alleged misappropriation of Singota's confidential information.

- The identity of all individuals or entities allegedly "acting in concert" with Defendants, including Singota's knowledge, evidence, and support for the allegation that such individuals or entities acted in concert with Defendants;

- Singota's knowledge, evidence, and support for Singota's allegation that Emergent intentionally interfered with Attariwala's Employment Agreement; Singota's knowledge, evidence, and support for Singota's allegation that Emergent encouraged and/or instructed Jaspreet Attariwala to disregard the duties and obligations she owed to Singota under the Employment Agreement.

- The identity of all contractual and/or business relationships for which Singota alleges Emergent interfered, including the nature and terms of any such contractual or other business relationships; Singota's knowledge, evidence, and support for Singota's allegation that Emergent interfered with Singota's contractual or business relationship (with the understanding that this subtopic is modified to focus on those actions by Emergent constituting contractual or business interference; Singota's history of doing business since January 1, 2017 with any entity described above, including the amount and nature of such business.

9

> *The Court understands that some of the specifics concerning the above information will be further addressed in expert discovery, such as the specific amount of any claimed lost revenue/profits*.

- Singota's specific property (not previously identified in response to the above topics) for which it contends Defendants have asserted unauthorized control; Singota's knowledge, evidence, and support for Singota's allegation that Defendants have asserted unauthorized control over Singota's property, including when, how, and in what medium Defendants came to assert unauthorized control over such property; The agents or employees of Defendants involved in Defendants coming to assert unauthorized control over such property;

- Topic 24: This topic will be limited to facts identifying those entities with whom Defendants, Attariwala and others agreed for the matters asserted in Paragraph 468 of the Complaint, and the specifics of the alleged agreement(s).

Finally, Plaintiff raised understandable concerns at the hearing that a 30(b)(6) witness's testimony on these topics should not necessarily be conclusive on these topics as discovery and investigation remains ongoing in this case. The Court agrees that a party's discovery responses, no matter the forms in which presented, must be viewed in their totality. Additionally, if different or additional information is received during the remaining discovery period, those discovery responses should be supplemented to reflect that information as necessary, including, where appropriate, supplementing written responses or potentially offering a second limited deposition as to this new information. As just one example, the Court has already acknowledged that expert discovery (which, by agreement, awaits the conclusion of fact discovery) may be an appropriate avenue of providing more specific responses than a company witness might be able to provide on such things as damages calculations. As another example, documents produced subsequent to a 30(b)(c) deposition might enlarge, restrict, or even be at odds with a prior company witness's testimony if that witness did not possess such documents prior to the deposition. In short, the

timing and sequencing of discovery, the receipt of discovery responses and other information, and the advantages and limitations of the various discovery tools should all be considered in evaluating whether a party has timely met its respective burdens in the case.

### IV.     CONCLUSION

Accordingly, Plaintiff's Motion for Protective Order to Limit Defendants' Second Amended Notice of Rule 30(b)(6) Deposition (ECF No. 52) is GRANTED in part and DENIED in part.

Date: <u>June 7, 2023</u>                                          <u>        /s/         </u>
                                                                J. Mark Coulson
                                                                United States Magistrate Judge